FILED ENTERED
LODGED RECEIVED

AUG - 4 2016

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

STACEY JONES, #244-752 *

Petitioner *

v * Civil Action No. PWG-16-1624

STATE OF MARYLAND *

Respondent *

**MEMORANDUM OPINION**

Stacey Jones, presently incarcerated within the Maryland Division of Correction and housed at Maryland Correctional Training Center, seeks a declaratory judgment that, if granted, might invalidate his 1993 arrest and subsequent conviction in Prince George's County, Maryland for a homicide that occurred in Maryland on property allegedly owned by the District of Columbia.[1] Pet., ECF No. 1. Accompanying the complaint is Jones's motion for leave to proceed in forma pauperis, ECF No. 2, which shall be granted. The petition, which Jones originally filed in the United States District Court for the District of Columbia, was transferred here on May 3, 2016.

Although stylized as a claim for declaratory relief pursuant to 28 U.S.C. § 2241, the petition is essentially an attempt to attack Jones's 1994 criminal conviction. For that reason, it is

---

[1] Jones was convicted by a Prince George's County Circuit Court jury of first-degree murder and a handgun offense in Criminal Case No. CT932138X. His efforts to overturn his conviction have to date been unsuccessful. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CT932138X&loc=65&detailLoc=PG.

Furthermore, Jones previously sought habeas corpus relief under § 2254, raising in part the claim alleged here, that the Maryland courts lacked jurisdiction to adjudicate the case. *See Jones v. Conroy*, No. BEL-01-4257 (D. Md. Filed Dec. 31, 2001), ECF Nos. 1, 9, & 10 (habeas petition denied and dismissed with prejudice as time-barred). Should he seek to file a second § 2254 petition, he must first obtain permission from the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

more properly construed as a petition filed pursuant to 28 U.S.C. § 2254. The only jurisdictional difference between § 2241 and § 2254 is that § 2254 only encompasses state-convicted persons, whereas § 2241 encompasses all persons in custody. *See* 28 U.S.C. §§ 2241 & 2254; *see also Felker v. Turpin*, 518 U.S. 651, 658–663 (1996).

Because the petition is properly before this Court as a § 2254 petition,[2] it is subject to the one-year limitation provision of 28 U.S.C. § 2244(d).[3] Jones's conviction became final in 1995, and his limitations period for seeking federal habeas corpus relief expired on April 24, 1997. *See Jones*, ECF Nos. 9 & 10. He may not circumvent the one-year limitations period or circumvent the bar against successive petitions absent authorization by invoking § 2241.

Jones has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a

---

[2] Several circuit courts have concluded that when a person in custody pursuant to a state court judgment challenges the fact or duration of the custody in any way, as well as the execution of the sentence, § 2254 is the exclusive vehicle and the district court is required to process the petition under that statute. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278–79 (2d Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir.); *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001). In contrast, the Tenth Circuit permits more latitude for state prisoners regarding the interplay between §§ 2241 and 2254. It held that challenges to the execution of the sentence, as opposed to attacks on the validity of the conviction, may be brought pursuant to § 2241. *See Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (noting that a § 2254 petition challenges the validity of a conviction or sentence while a § 2241 petition attacks the execution of a sentence). The Fourth Circuit has not directly addressed the issue.

[3] The Fourth Circuit has recognized that a § 2241 petition, unlike a § 2254 petition, is "not subject to the one-year time limitation period prescribed by 28 U.S.C.A. § 2244(d)(1)." *Copson v. Va. Parole Bd.*, 230 F.3d 1352 (Table), 2000 WL 1283046, at *1 (4th Cir. Sept. 12, 2000); *see also McLean v. Smith*, 193 F. Supp. 2d 867, 871-72 (M.D. N.C. 2002) (discussing the application of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), one-year limitation provision to § 2241 petitions).

certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Jones has failed to demonstrate entitlement to a COA in the instant case.

A separate Order follows.

August 3, 2016
Date

Paul W. Grimm
United States District Judge